## DONALDSON v. BALTIMORE ACCEPTANCE CORPORATION.

### No. 4282.

Circuit Court of Appeals, Third Circuit.
March 3, 1931.

See also 38 F.(2d) 215.

Willard M. Harris, of Philadelphia, Pa., for appellant.

Acker, Manning & Brown, of Philadelphia, Pa. (J. Thruston Manning, Jr., of Philadelphia, Pa., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal of William J. Donaldson from a judgment of the District Court of $23,968.53 against him.

■ The appeal is based on the ground that one Chu Fong and Donaldson were indorsers of a note for $44,000, and that the appellee, holder of the note, released Chu Fong, the first indorser, after he had paid one-half the note and that this action by the holder of the note released Donaldson also. The case was tried by agreement to the court without a jury, and the trial judge found that Chu Fong and Donaldson were cosureties and not indorsers. This made the defendant, Donaldson, liable under the New York law which admittedly governs the case, and so the court entered judgment against him for one-half of the amount then due on the note together with interest amounting to $23,968.53.

In order to prevail the appellant must establish that Chu Fong was a prior indorser and was released by the appellee.

On page 4 of the record, paragraph 3 of the statement of claim, the note, now lost, on which Donaldson was both a joint and several maker and indorser, is set out in full with the indorsements on the back in the following order, "William J. Donaldson," first, and under his name that of "Chu Fong," second. That is, Donaldson was the first and Chu Fong the second indorser. Nowhere in the affidavit of defense filed by Donaldson, nor in the evidence, did he deny that he was the first "indorser." The trial proceeded on that assumption, and the fact that Donaldson was the first indorser was not only not denied but was not even raised by him. It was first mentioned by Donaldson in a "petition to re-open the case for the purpose of offering after-discovered evidence."

The trial judge refused to reopen the case on the ground that under the law and the facts, the order in which Chu Fong and Donaldson indorsed the note was of no importance. He found that they were cosureties; that the equities growing out of the entire transaction called for the payment by each of one-half of the loan; and that the release of Chu Fong who had paid his share in full did not release Donaldson nor affect his rights and equities.

■ Whatever the reasons for refusing to reopen the case were, whether or not he would reopen the case was a matter within the discretion of the District Judge.

■ After considering all the evidence in the case, we do not see anything to indicate that he abused his discretion in refusing at that late date to reopen the case for the admission of testimony to contradict a fact which, if it existed, must have been known to Donaldson from the beginning and was not "after discovered evidence." Consequently, when the case closed, there was not a hint in the record, which alone we are considering, that Donaldson was not the first indorser. On the contrary, the note and the order of the indorsements purporting to be a correct copy

of the original were pleaded in the statement of claim and not being denied in the affidavit of defense were admitted as pleaded. The note was lost, apparently some time between the filing of the pleadings and the trial; but this fact, counsel for appellee says, did not come to his attention until some time after the trial had begun. Just when it came to the attention of Donaldson is not disclosed, but it was apparently discovered some time after the trial was over. After discovering this fact, he sought to deny by oral testimony what he did not see fit to deny in his affidavit of defense when he did not know that the note had been lost, nor during the two days of the trial. The determination of this appeal as it stands before us depends upon the single fact of the order of the indorsements. It is almost inexplicable how Donaldson, knowing the facts of the case, did not bring this one all-important fact to the attention of his counsel some time in their conferences preparatory to filing his affidavit of defense or some time thereafter before the trial began or while it was going on. The actual facts, whatever they may be, being within the knowledge of Donaldson, the consequences of his silence when he should have spoken rest with him, not with his counsel nor with the trial judge.

The record before us forces the conclusion that error was not committed, and so the judgment must be affirmed on the merits of the case, independently of the appellee's technical motion which compels the same result.

The judgment is affirmed.